UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PAUL POULIN,                         )
                                     )
           Plaintiff                 )
                                     )
v.                                   )    No. 1:14-cv-30-JHR
                                     )
CAROLYN W. COLVIN,                   )
Acting Commissioner of Social Security, )
                                     )
           Defendant                 )

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge made an insufficiently detailed determination of his mental residual functional capacity ("RFC") by failing to evaluate the impact of stress in accordance with *Lancellotta v. Secretary of Health & Human Servs.*, 806 F.2d 284 (1st Cir. 1986), and erroneously substituted her own lay judgment for that of experts in determining his mental RFC. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 2-6. I conclude that the administrative law judge adequately assessed the impact of the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 17.

1

plaintiff's stress and reached a mental RFC determination supported by substantial evidence. Accordingly, I affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, Finding 1, Record at 15; that he had severe impairments of status-post vasospasm with no observed coronary artery disease, tobacco abuse, anxiety, and polysubstance abuse in partial remission, Finding 3, *id.*; that he had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he needed an ordinary work environment, Finding 5, *id.* at 16; that, considering his age (44 years old, defined as a younger individual, on his alleged disability onset date, June 16, 2009), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 22; and that he, therefore, had not been disabled from June 16, 2009, through the date of the decision, November 29, 2012, Finding 11, *id.* at 22. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen*, 482 U.S. at 146 n.5. At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Handling of Stress

The plaintiff first complains that, although the administrative law judge found his anxiety severe, she specified no vocationally meaningful mental limitations, stating only that he was limited to an "ordinary" work environment. Statement of Errors at 2. He adds that, in contravention of *Lancellotta*, the administrative law judge failed to analyze what triggers his stress. *See id.* at 4; *see also Lancellotta*, 806 F.2d at 285 ("The ALJ [administrative law judge] made no findings on the nature of [the claimant's] stress, the circumstances that trigger it, or how those

3

factors affect his ability to work. . . . [The claimant] illuminates the problem with the ALJ's conclusions by accurately observing that stress is not a characteristic of a job, but instead reflects an individual's subjective response to a particular situation. Thus, even if most individuals would not find it particularly stressful to do the jobs listed in the ALJ's decision, we have no evidence showing that [the claimant], who suffers from a severe mental impairment, would react the same way.").

The plaintiff adds that this court was faced with an almost identical situation in *MacFarlane v. Astrue*, No. 07-132-P-H, 2008 WL 660225 (D. Me. Mar. 5, 2008) (rec. dec., *aff'd* Apr. 1, 2008), in which it held that remand was required in the absence of a more detailed specification of the meaning of an administrative law judge's finding that a claimant needed to avoid "high stress work." Statement of Errors at 4; *MacFarlane*, 2008 WL 660225, at *3.

However, as the commissioner responds, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at 2, "a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related functions, particularly where, as is the case here, the impairment is one that can be treated with medication," *Courtney v. Colvin*, No. 2:13-cv-72-DBH, 2014 WL 320234, at *4 (D. Me. Jan. 29, 2014) (citation omitted). The administrative law judge explained that the plaintiff's anxiety symptoms had "generally been well-controlled with medication" and were triggered only by unusual stress. Record at 18-19.

In any event, as the commissioner further argues, the administrative law judge assessed an anxiety-related restriction, doing so in a manner that comports with the requirements of *Lancellotta*. *See* Opposition at 2-5. As the commissioner observes, *see id*. at 3, this court has held that the requirements of *Lancellotta* are met when an adjudicator evaluates the impact of a

4

claimant's mental impairments on his or her ability to meet the basic mental demands of work, namely, the abilities to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and customary work situations; and deal with changes in a routine work setting, *see Mason v. Astrue*, Civil No. 08-17-B-W, 2008 WL 4822238, at *4 (D. Me. Nov. 4, 2008) (rec. dec., *aff'd* Nov. 25, 2008). An adjudicator may rely on the opinion(s) of examining consultant(s) regarding a claimant's capability to meet those mental work demands. *See id*.

The commissioner persuasively argues that, in deeming the plaintiff limited to an ordinary work environment, the administrative law judge impliedly found him capable of performing those basic mental demands. *See* Opposition at 3. She correctly observes that, as in *Mason*, the administrative law judge relied on the opinions of examining consultants who had evaluated the plaintiff's ability to perform such tasks. *See id*. at 4-5.

The administrative law judge explained that she gave the most weight to the opinions of agency examining consultants Donna Gates, Ph.D., and Gary Rasmussen, Ph.D. *See* Record at 19. Based on a March 19, 2010, evaluation of the plaintiff, Dr. Gates concluded:

> [The plaintiff] presented with no clinically significant mental health issues. He has been mostly employed as an adult, but has not worked since his heart attack. Based on the available information, it appears that he is capable of following work rules. He was pleasantly engaging and has a history of getting along well with others. He has noticed increased irritability since his heart attack. Judgment is expected to be adequate for jobs within his vocational ability. He likely can manage a mild level of work-related stress and function independently on simple jobs.

*Id*. at 320-21. Based on an April 11, 2011, evaluation of the plaintiff, Dr. Rasmussen concluded:

> Despite any impairments noted and based upon these evaluative results, the [plaintiff] appears to be able to perform such basic job related psychological skills as communication, understanding, and following instructions. He does not exhibit deficits in memory or concentration, and he is likely to be able to follow complex instructions. He possessed a range of well-developed social skills during the interview and is likely to work well with supervisors, coworkers and customers.

5

> He is likely to be a reliable employee in terms of work productivity and work. He is likely to be able to maintain pace and persistence on a job.

*Id*. at 378.[2]

At oral argument, the plaintiff's counsel challenged the administrative law judge's reliance on the Gates and Rasmussen opinions, reasoning that neither diagnosed the plaintiff with anxiety and that, although the administrative law judge purported to adopt Dr. Gates' opinion, her determination that the plaintiff was restricted to an "ordinary work environment," Finding 5, *id*. at 16, cannot be squared with Dr. Gates' opinion that he likely could "manage a mild level of work-related stress[,]" *id*. at 321. He suggested that an "ordinary" workplace, which per a dictionary definition of "ordinary" would be one that is "normal" or "usual," would engender all of the stresses generally associated with work, exceeding "mild" levels of stress.

Counsel for the commissioner rejoined that the plaintiff raised these points for the first time at oral argument – a situation in which an argument typically is considered waived. *See, e.g., Farrin v. Barnhart,* No. 05–144–P–H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

She added that, in any event, the newly raised points are not outcome-determinative. She noted that the plaintiff reported his anxiety to both Dr. Gates and Dr. Rasmussen, *see* Record at

---

[2] The administrative law judge gave little weight to an opinion of treating primary care physician Steven Badeen, M.D., that the plaintiff had multiple marked limitations in mental functioning, no weight to opinions of treating therapist David Doreau, LCPC, LADC, that he was disabled and had been unable to work, and little weight to a U.S. Department of Veterans Affairs decision that he had a 50 percent service-connected disability. *See* Record at 20-21; *see also id*. at 367-72, 451, 629-30. The plaintiff does not challenge the weight assigned to those opinions. *See generally* Statement of Errors.

318, 376, and that, regardless, what matters more than diagnostic labels is that both consultants evaluated the plaintiff's capacity to perform the basic mental demands of work. She argued that the administrative law judge's mental RFC finding is not necessarily inconsistent with that of Dr. Gates and that, in any event, she relied equally heavily on the opinion of Dr. Rasmussen, who did not note such a restriction, and gave some weight to the finding of agency nonexamining consultants that the plaintiff had no severe mental impairment.[3]

Even assuming *arguendo* that these points are not waived, I agree with the commissioner that they are not outcome-determinative.

First, the fact that the consultants did not diagnose anxiety is immaterial. What matters, for purposes of *Mason*, is that they assessed the plaintiff's ability to perform the basic mental demands of work.

Second, the administrative law judge reasonably construed Dr. Gates' opinion as consistent with her own RFC finding. She elaborated that "the [plaintiff's] treatment record suggests that [he] must merely avoid unusual stress in a work environment that would trigger aggravated irritability" and that Dr. Gates' opinion supported her conclusion that the plaintiff could perform the basic demands of unskilled work "provided that [he] work[ed] in an ordinary work environment such that [he] would not be exposed to undue work stress." *Id*. at 19.

---

[3] The commissioner acknowledges that in this case, as in *Mason*, the consultants did not address the plaintiff's ability to deal with changes in a routine work setting. *See* Opposition at 3-4; Record at 320-21, 378; *Mason*, 2008 WL 4822238, at *4. However, as she observes, in *Mason*, the court held that the omission did not warrant remand because "it is sufficient that medical evidence in the record supports a conclusion that upholds the adjudicator's ultimate finding." Opposition at 4 (quoting *Mason*, 2008 WL 4822238, at *4). She argues, and I agree, that the same principle applies here. *See id*. at 4-5. As she points out, Dr. Gates opined that the plaintiff could follow work rules, use adequate judgment, and function independently on simple jobs, *see* Record at 321, and the plaintiff's primary care physician, Dr. Badeen, opined that the plaintiff was neither markedly limited nor effectively precluded from responding appropriately to changes in the work setting, *see id*. at 630. This evidence suggests that the plaintiff was capable of dealing with changes in a routine work setting, and the plaintiff identifies no evidence indicating otherwise.

7

While, as counsel for the commissioner conceded at oral argument, determining whether stress is "undue" seemingly would entail a subjective judgment, determining whether stress is "unusual" – the other modifier used by the administrative law judge – is more objectively gauged. An "ordinary" work environment, lacking "unusual stress," reasonably could be viewed as meeting the needs of a person who could manage "a mild level of work-related stress."

Third, even assuming *arguendo* that there is an inconsistency between the administrative law judge's RFC determination and Dr. Gates' opinion, the RFC determination is otherwise supported by substantial evidence. The administrative law judge relied as heavily on the opinion of Dr. Rasmussen as that of Dr. Gates, and Dr. Rasmussen assessed no separate limitation as to the amount of work stress the plaintiff could tolerate. *See id.* at 378. In addition, the administrative law judge gave some weight to the opinions of agency nonexamining consultants Lewis F. Lester, Ph.D., and Pedro Coto, M.D., that the plaintiff's mental impairments were nonsevere. *See id.* at 21, 323, 382. She reasoned that their "analysis is reasonable and consistent with the medical evidence of record" but that "the evidence concerning the [plaintiff's] aggravated symptoms in the context of his mar[it]al stresses is sufficient to find that his mental impairments impose more than minimal functional limitations." *Id.* at 21. She added that, "except for the [plaintiff's] brief period of marital issues, [he] does not demonstrate significant symptoms of anxiety, irritability, or difficulties with task persistence or social skills." *Id.*

In sum, the administrative law judge's finding that the plaintiff was limited to an ordinary work environment, as further defined and explained in the body of her decision, is not unduly

8

vague and is supported by substantial evidence. In addition, as in *Mason*, her reliance on the opinions of Drs. Gates and Rasmussen suffices to meet the requirements of *Lancellotta*.[4]

### B. Lay Interpretation of Raw Medical Evidence

The plaintiff finally contends that the administrative law judge improperly interpreted raw medical evidence in assessing his mental RFC, asserting that the assessment is "contrary to every medical opinion in the record regarding his mental functioning." Statement of Errors at 4-6; *see also, e.g., Gordils v. Secretary of Health & Human Servs.,* 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record.").

This assertion is without merit. As discussed above, the administrative law judge relied on expert opinions in determining the plaintiff's mental RFC – namely, those of Drs. Gates, Rasmussen, Lester, and Coto. In turn, those opinions collectively provide substantial evidence in support of her mental RFC determination.

### II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 18th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[4] In these respects, this case is distinguishable from *MacFarlane*. In *MacFarlane*, the administrative law judge did not explain, or discuss any basis for, his finding that the claimant could not perform "high stress work," as a result of which it was unclear whether the limitation would significantly erode the occupational base for light work. *See MacFarlane*, 2008 WL 660225, at *3. In addition, in *MacFarlane*, there is no indication that the administrative law judge relied on expert opinion evidence regarding the claimant's ability to perform the basic mental demands of work. *See id*.